George P. SHULTZ, Secretary of Labor, United States Department of Labor (Substituted as Plaintiff for W. Willard Wirtz, Resigned), Plaintiff,

v.

UNION TRUST BANK OF ST. PETERS-BURG, Trustee, for Earle Restorium, Defendant.

Civ. A. No. 68–60–Civ–T.

United States District Court
M. D. Florida,
Tampa Division.

March 4, 1969.

Charles Donahue, Solicitor of Labor, Beverley R. Worrell, Regional Atty., Edwin G. Salyers, Atty., U. S. Dept. of Labor, Atlanta, Ga., for plaintiff.

Richard T. Earle, Jr., St. Petersburg, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

KRENTZMAN, District Judge.

This matter came before the court upon cross motions for summary judgment and the court having reviewed the pleadings in this cause, Request for Admis-

sions and answers thereto, the Stipulation of the parties, and having heard argument of counsel hereby makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. This action was brought by the Secretary of Labor, United States Department of Labor under the provisions of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.), hereinafter referred to as the Act. The action seeks to enjoin defendant from future violations of the Act and to restrain defendant from withholding payment of minimum wages and overtime compensation allegedly due certain employees.

2. Defendant, Union Trust Bank of St. Petersburg is a banking corporation existing under and by virtue of the laws of the State of Florida with an office and principal place of business at St. Petersburg, Pinellas County, Florida. During the period since February 1, 1967, said defendant, in a trustee capacity, operated a nursing home at 185 3rd Avenue, N. E., St. Petersburg, Florida, under the name and style of Earle Restorium. The defendant employed a number of persons in various occupations in connection with the operation of Earle Restorium which defendant concedes is an institution primarily engaged in the care of the sick and aged who reside on the premises of said institution.

3. During the period since February 1, 1967, the defendant regularly received at the aforesaid institution substantial quantities of goods such as foods, medicines, drugs, soap, cleaning materials, medical equipment, linens, and various other items that were originally manufactured, produced, and shipped from sources outside the State of Florida. The aforesaid goods were not obtained by defendant directly from outside the State of Florida but rather were procured from local wholesalers and distributors who did obtain these goods from sources outside the state.

4. During the course of their regular duties, nurses, nurse aids, cooks, maintenance employees, and office employees of defendant handled or otherwise worked upon goods referred to in paragraph 3 above.

5. The defendant has admitted it did not pay its employees at the nursing home minimum wages or overtime compensation as required by the Act and the parties have stipulated that the following employees would be due the amounts indicated if the defendant and its employees are subject to the Act.

| | |
|---|---:|
| Ronia P. Bailey | $285.33 |
| Ovena Burger | 12.25 |
| Margaret Craven | 8.00 |
| Mary Dorencamp | 30.30 |
| Myrtle Fuller | 6.60 |
| Minnie Hay | 11.00 |
| Nancy R. Lee | 6.60 |
| Lavorda McGee | 47.55 |
| Jewell Merritt | 11.00 |
| Nancy O'Keefe | 7.80 |
| Janet L. Roush | 145.21 |
| Edythe Fulkerson | 82.00 |
| Virginia Johnston | 92.50 |
| Ida Paine | 365.97 |
| Helen Perry | 232.97 |
| Gladys Retenbuck | 25.50 |
| Mary A. Royals | 30.00 |
| Anna Sawicki | 46.00 |
| Gertrude Walsh | 11.25 |
| Rosalie Graham | 428.28 |
| Gladys Hubbard | 15.75 |
| Nancy Pittman | 109.50 |
| Mary Ruff | 98.00 |
| Clara Thomas | 455.24 |
| Vera Woodward | 129.78 |
| Edward Rourke | 96.00 |
| Total | $2,789.69 |

6. The defendant has not operated Earle Restorium since October, 1968, and is no longer engaged in the operation of any nursing homes.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the parties to this cause and of the subject matter.

2. The defendant conceded in its answer and the court finds that the defendant while operating the nursing home constituted an enterprise within the meaning of section 3(r) of the Act. The sole contention of defendant is that defendant is not an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of section 3(s) of the Act. This section provides as follows:

> "(s) 'Enterprise engaged in commerce or in the production of goods for commerce' means an enterprise which has employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person  *  *  *."

It is the opinion of the court that the facts and circumstances of the instant case bring the defendant and its employees within the purview of the above quoted section of the Act. As Judge Winter clearly points out in the decision in State of Maryland v. Wirtz, D. C., 269 F.Supp. 826 (1967), affirmed 392 U.S. 183, 88. S.Ct. 2017, 20 L.Ed.2d 1020 (1968), the amendments to the Act adopted in 1961, greatly broaden the Act's coverage to include all employees of an "enterprise" whose activities relate to the movement of goods in commerce, including the using of goods that have previously moved in commerce. The terms of the statute are clear and unambiguous. Congress has declared that where an employer meets all the other requirements set forth in the Act for constituting an "enterprise" then the Secretary has met his burden with respect to establishing application of the Act by showing that the "enterprise" has employees who merely handle goods that originally were produced out of state.

3. The defendant has violated the Act's minimum wage and overtime requirements to the extent set forth in paragraph 5 of the Findings of Fact. Accordingly, plaintiff is entitled to an order restraining the withholding of these sums and requiring the defendant to pay these sums to plaintiff for distribution to employees.

4. The defendant is a reputable member of the business community and has not operated Earle Restorium since October, 1968. There is no evidence before the court that defendant has violated the Act in its banking operations and, in its discretion, this court concludes there is no need for an injunction restraining defendant from future violations of the Act.

5. Plaintiff is entitled to a Judgment as outlined above together with the costs of this action.