**James D. HODGSON, Secretary of Labor**

**v.**

**Jim HATTON, Individually, and d/b/a Air Control Engineering Co.**

**Civ. A. No. 70–C–138.**

United States District Court,
S. D. Texas,
Corpus Christi Division.

March 15, 1972.

---

Wm. E. Everheart, U. S. Department of Labor, Dallas, Tex., for plaintiff.

L. H. Warburton, Jr., Alice, Tex., for defendant.

## MEMORANDUM AND ORDER

### OWEN D. COX, District Judge.

The Secretary of Labor has sued Defendant Jim Hatton, individually and doing business as Air Control Engineering Co., asking that said Defendant be enjoined from violating the Fair Labor Standards Act and from withholding payment of minimum and overtime wages due his employees.

During the period of time here in question, Defendant's principal business was the installation of air-cooling and heating systems, including the duct work, in new residential homes and also in homes previously built and occupied, and the repair and maintenance work on such systems. The installations in commercial buildings, new and old, have been minimal. This business was carried on under the name of Air Control Engineering Co., sometimes referred to as AirCon, in Alice, Texas. It was a small, local business, and Defendant employed three men who did the installation work and general repair and maintenance on such systems. It still is a small, local business.

The Secretary is claiming Fair Labor Standards Act coverage by virtue of the so-called "enterprise" section, 29 U.S. C., § 203, contending that Defendant is an enterprise under subsection (r); and that his employees are "handling, selling, or otherwise working on goods that have been moved in or produced for commerce," and are "engaged in the business of construction or reconstruction or both," under subsection (s)(3). Thus, says the Secretary, Defendant is engaged either in commerce or in the production of goods for commerce and must pay minimum wages and for overtime as prescribed in the Act. The Defendant questions the interpretation put on the above-cited provisions by the Secretary.

The definition of "enterprise" set forth in 29 U.S.C., § 203(r), requires the Defendant to be in more than one business, as we read that provision, and the enterprise results from, as the statute provides, ". . . the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose . . . ." This definition was in the 1961 amendment to the Act and was not substantially changed in the 1966 amendment. The Secretary of Labor seems to take the position that AirCon, standing alone, is an enterprise because it is in the construction business, and that the other business activities of Defendant need not be considered.

But this Court cannot believe the Congress intended that a lone, small contractor, working primarily on residential property, should be so classified. Consequently, at the risk of having overlooked the obvious, and realizing it is well established that the provisions of the Fair Labor Standards Act are to be liberally construed, this Court will proceed with its explanation of why Defendant should not be considered an enterprise. The language in subsection (r) is plural by nature. Why use the words "related activities" and "common business purpose" if a single, small construction business is an enterprise? To say the greater includes the lesser, under the language of the pertinent provisions, is not a reasonable answer. The fact that the Act refers to "whether performed in one or more establishments"

does not change things. The words "one or more establishments" not having been defined in the Act by Congress, the common usage of those words should be accepted. Walling v. Fred Wolferman, Inc., 8 Cir., 144 F.2d 354. *Webster* says "establishment" is "a place of business . . . with its furnishings and staff." It is a physical place and has nothing to do with the nature of the business involved.

The testimony before this Court must be balanced against such definition, and, if this is done, it seems to this Court that it will take some exaggeration to justify the classification of Hatton as an enterprise. That testimony shows, in addition to AirCon, the Defendant Hatton operated the municipal airport for the city of Alice, Texas, under the corporate name of South Texas Airmotive, sometimes referred to as Airmotive. The employee with Airmotive was Juan Ramirez, whose main job was to keep the lobby of the airport building clean, operate the filling station used in refueling the aircraft, and general activities in connection with the airport. Ramirez sometimes went on service calls for AirCon as a helper when additional help was needed, but usually he went along primarily for the purpose of learning the business.

This testimony reflects that Defendant also has some kind of contract (the exact nature of which was never explained) with a certain number of oil and gas drilling contractors who maintain offices in Alice, Texas. There is no evidence that it was anything more than a personal-service arrangement between Defendant and the drilling contractors. The office manager for Mr. Hatton, Earl Cravens, handled that job, but there is very little proof as to his duties, and nothing to indicate he did anything other than work for AirCon.

The Secretary places great store by the opinion of the Second Circuit in Wirtz v. Melos Construction Corp., et al, 408 F.2d 626 (1969), but the Court there assumed the existence of an enterprise and does not discuss at all what is necessary to create one. We do not regard it as in any way controlling in the instant case.

By way of further explanation of what this Court considers the term "enterprise" to mean, we wish to point out there are three elements to be considered in making such determination. Those elements are (1) related activities, (2) unified operation or common control, and (3) common business purpose. In the case of Wirtz v. Savannah Bank & Trust Co. of Savannah, Ga., 362 F.2d 857, 860 (5 Cir., 1966), the Court tied an office building and a bank together as an enterprise by explaining the advantages to a bank by having its own office building, a portion of which it occupies, and the balance is rented to various tenants. The Court said, "Thus, there is a very real relationship between the operation of the office building and the Bank sufficient to satisfy the statutory requirement." Once the existence of the enterprise was established, since the bank was already in commerce, the office building became subject to the Act. Obviously, this is the sort of situation the enterprise concept is expected to reach.

While it is clear that the several operations of Defendant Hatton were either under his common control or were operated such as to be considered a unified operation, it also seems clear that the three different businesses operated by Defendant, as above outlined, are not related activities in the sense that *Savannah Bank & Trust* is talking about.

The operation of an air-conditioning and heating business, dealing primarily with residential properties, the management of a small, municipal airport, and a personal-service contract with oil and gas drilling contractors, are activities about as unrelated as you would normally find any place, under the direction of one small-businessman.

Further, there is no common business purpose as between the above-mentioned, unrelated businesses. It is obvious that Defendant Hatton is in

business to make a profit, or at least he hopes to make a profit. However, the profit motive alone is not enough to make Defendant Hatton's business operations an enterprise for the purposes of the Act. The *Savannah Bank & Trust* case, supra, makes it clear there must be other factors to be taken into account other than the common profit motive. Shultz v. Morris, 315 F.Supp. 558 (1970), supports the above conclusions of this Court.

We recognize that Defendant Hatton controls the operations and there may be, from time to time, some interchange of employees as between the airport management and the air-conditioning and heating business, and thus the "unified operation or joint control" portion of the "enterprise" definition is satisfied. However, this does not change the result reached by the Court.

■ The Court concludes that Defendant Hatton is not an "enterprise" as defined in the Fair Labor Standards Act and therefore is not subject to the provisions of such Act.

■ There is one further reason why it seems to the Court that the operations of Defendant Hatton are not covered by the Act. Even if Hatton's AirCon, standing alone, did fit the definition of an "enterprise," this Court is of the opinion such operations do not constitute an enterprise engaged in commerce or in the production of goods for commerce.

The Court recognizes that Defendant Hatton purchased practically all the heating, air-conditioning and refrigeration equipment, parts and supplies used in the AirCon business from wholesale dealers in Texas, although most of such parts were manufactured outside of and had moved in commerce getting to Texas. The manufacturing companies shipped the equipment, parts and supplies to warehouses in Texas, from which various items were, from time to time, delivered to wholesalers on order. These latter shipments were within the State of Texas. Defendant Hatton purchased his needs from such wholesalers.

The evidence is also clear that AirCon was a small and strictly local concern. The Defendant doesn't contend he is the ultimate consumer of the items he purchases.

Since the employees of AirCon do work, primarily, on residential homes, new and old, in Alice, Texas, their activities, admittedly that of handling, selling and otherwise working on "goods that have been moved in or produced for commerce" do not put the Defendant in the business of *producing* goods for commerce in the traditional or under the enterprise concept. To say otherwise would be to unrealistically construe the nature of the Defendant's activities and to expand the scope of the words contained in the statutory provisions. The language clearly implies that the goods being produced are not yet in commerce.

Consequently, the Defendant's activities as described must classify it as an enterprise engaged in commerce. Except for the above-quoted language, "handling . . . goods that have been moved in . . . commerce," there is nothing in the Fair Labor Standards Act which puts a small, local concern, such as Defendant operates, even if in the construction business, into commerce. The Courts have consistently reminded us that Congress has not exercised all of its powers and that local establishments are not to be placed under the Act. The Supreme Court in Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460, stated, "[W]e cannot be unmindful that Congress in enacting this statute plainly indicated its purpose to leave local business to the protection of the states."

The traditional meaning of "in commerce" and "in the production of goods for commerce" remains the same under Sections 206 and 207 of the Act, except when the employer is duly classified as an "enterprise." When that takes place, the meaning is extended, a classic example being the *Savannah Bank & Trust* case. However, this Court does not understand how such meaning can logically be extended as far as the Secretary sug-

gests. If it is permitted, the language "including employees handling . . . goods that have been moved in or produced for commerce" will be made into a third category by substituting the word "or" for "including" and thus bring an entirely new class of employees under the Act. If this construction is to be followed, the enterprise concept will be stretched completely out of shape, and far beyond the area which Congress intended to cover. This would permit the tail to wag the dog.

The foregoing constitutes the findings of fact and the conclusions of law of the Court. This is a final judgment. It is therefore ordered that the relief asked for by Plaintiff Secretary of Labor against this Defendant be and it is hereby denied, and the Court grants judgment for said Defendant, Jim Hatton. The costs are assessed against Plaintiff.