**James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**Jesse W. JACKSON and Ida Jackson, Individually and as Co-Owners, Doing Business as Jackson Home for Aged, formerly, Jackson's Rest Home, Defendants.**

Civ. A. No. 72–C–22–C.

United States District Court, W. D. Virginia, Charlottesville Division.

Nov. 13, 1972.

Marvin Tincher, Dept. of Labor, Nashville, Tenn., and Leigh B. Hanes, Jr., U. S. Atty., Roanoke, Va., for plaintiff.

Ellen V. Nash, Nash & Edelson, Charlottesville, Va., for defendants.

RULING ON MOTION TO DISMISS

DALTON, District Judge.

Plaintiff filed a complaint with this court on August 31, 1972 to enjoin the defendants from violating the minimum wage and overtime compensation provisions of section 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. §§ 215(a)(2) and 215(a)(5)]. Plaintiff also seeks to restrain any withholding of payment of unpaid compensation found by the court to be due under the Act to employees of the defendants.

Defendants, on September 26, 1972, filed a motion to dismiss, which is the present consideration of this court. Defendants allege lack of jurisdiction by this court, for the following reasons: (1) the defendants are not engaged in any business which constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(4) of the Fair Labor Standards Act (29 U.S.C.A. § 203(s)(4)); (2) the defendants are not engaged in the production of any goods for commerce; (3) the defendants are not engaged in commerce in their principal activity or in any related activities. Therefore, the defendants claim they are not subject to the provisions of the Fair Labor Standards Act, and are relieved of any liability for minimum wage, overtime compensation and standard record-keeping.

The facts, as alleged in the complaint, are that the defendants, Jesse W. and Ida Jackson, residing at 637 Ridge Street, Charlottesville, have at all times subsequent to September 1, 1969, been co-owners and co-managers of Jackson Home For Aged, formerly Jackson's Rest Home, located at 632 Ridge Street, Charlottesville, where they are engaged in the care of the sick, aged and mentally ill. The defendants are alleged to have been engaged in an enterprise, within the meaning of section 3(r) of the Act. (29 U.S.C.A. § 203(r)).[1]

Plaintiff also alleges that the defendants, in the course of operating the aforementioned establishment, have employed, and are now employing, many employees in and about the place of business, who handle or work with goods moved in or produced for commerce, and therefore said business constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(4) of the Act. (29 U.S.C.A. § 203(s)(4)).[2]

Plaintiff alleges that since September 1, 1969, the defendants have repeatedly and willfully violated the provisions of sections 6 and 15(a)(2) of the Act (29 U.S.C.A. §§ 206 and 215(a)(2)) by paying many of their employees at rates

1. § 203(r)—"Enterprise" means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, . . . For purposes of this subsection, the activities performed by any person or persons—(1) in connection with the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, an elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit), . . . shall be deemed to be activities performed for a business purposes.

2. § 203(s)(4)—"Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise which has employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person, and which (4) is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, an elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit.).

less than required by the Act. (Their present minimum wage as required by the Act is $1.60 per hour).

Plaintiff also alleges that since September 1, 1969, the defendants have violated sections 7 and 15(a)(2) of the Act (29 U.S.C.A. §§ 207 and 215(a)(2)) by refusing to compensate their employees engaged in workweeks longer than 40 hours at rates not less than one and one-half times the regular rates at which they were employed.

Plaintiff alleges that since September 1, 1969, the defendants have violated the provisions of sections 11(c) and 15(a)(5) of the Act (29 U.S.C.A. §§ 211(c) and 215(a)(5) by their failure to make, keep and preserve adequate and accurate records of their employees and of the wages, hours and other conditions of employment maintained by them.

The defendants, in support of their motion to dismiss, filed a sworn affidavit dated September 26, 1972 by Ida Jackson, stating that the patients are old people referred to the defendants' business by the welfare boards of the City of Charlottesville and of neighboring counties; that defendants are paid for the care of the aged at their home by the respective welfare departments; that defendants' gross income during the years in question was as follows: 1969—$21,000, 1970—$25,200, 1971—$26,880 and the estimate for 1972 being under $30,000; that defendants neither sell, manufacture or fabricate any products at the home; that the workers who serve the patients in the home are the defendants, their children, grandchildren or kinsmen, or casual workers, some being referred by the Virginia Employment Commission and others working on a halfway house basis as former inmates of Western State Hospital; that not more than two paid workers are employed by the defendants at a time.

## JURISDICTION

The court will now consider whether it has jurisdiction over the parties and subject matter of this action.

The first matter to decide is whether Jackson Home For Aged is an "enterprise" within the meaning of section 3(r) of the Act. (See footnote 1). It is clearly a unified operation performed by defendants for a common business purpose. The subsection specifically includes institutions engaged in the care of the sick and aged as "activities performed for a business purpose." Jackson Home For Aged is operated for a business purpose. The court therefore finds that Jackson Home For Aged falls within the definition of "enterprise" as outlined in section 3(r) of the Act.

The second matter for consideration is whether Jackson Home For Aged is an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of section 3(s)(4) of the Act (see footnote 2).

In only one recent federal case, Shultz v. Union Trust Bank of St. Petersburg, 297 F.Supp. 1274 (M.D.Fla.1969) has a court faced this question. That case involved a nursing home in St. Petersburg, Florida, which was engaged in the care of the sick and aged. Judge Krentzman held that "it is the opinion of the court that the facts and circumstances of the instant case bring the defendant and its employees within the purview of the above quoted section of the Act." [Section 3(s)] Shultz v. Union Trust Bank of St. Petersburg, supra at 1276. The court found that an employer, which employed a number of persons in various occupations in connection with the operation of a nursing home and which received at such institution substantial quantities of goods that were originally manufactured, produced and shipped from sources outside the state, was an "enterprise" within minimum wage and overtime compensation provisions of Fair Labor Standards Act. Fair Labor Standards Act of 1938, §§ 1 et seq., 3(r, s), 29 U.S.C.A. §§ 201 et seq., 203(r, s).

The court went on to cite Judge Winter's opinion in explaining recent amendments to the Act:

As Judge Winter clearly points out in the decision in State of Maryland v. Wirtz, D.C., 269 F.Supp. 826 (1967), affirmed 392 U.S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968), the amendments to the Act adopted in 1961, greatly broaden the Act's coverage to include all employees of an "enterprise" whose activities relate to the movement of goods in commerce, including the using of goods that have previously moved in commerce. The terms of the statute are clear and unambiguous. Congress has declared that where an employer meets all the other requirements set forth in the Act for constituting an "enterprise" then the Secretary has met his burden with respect to establishing application of the Act by showing that the "enterprise" has employees who merely handle goods that originally were produced out of state. Shultz v. Union Trust Bank of St. Petersburg, supra, at 1276.

The defendants have pointed out that members of their family engage primarily in the work of the home, which is licensed to house 14 patients, but casual workers help and not more than two paid workers are employed by the defendants at a time. The defendants also state that purchases from interstate sources are limited to household supplies and food and are so minor as to come under the *de minimus* doctrine.

Section 3(s) of the Fair Labor Standards Act, 29 U.S.C.A. § 203(s) further states that:

Any establishment which has as its only regular employees the owner thereof or the parent, spouse, child, or other member of the immediate family of such owner shall not be considered to be an enterprise engaged in commerce or in the production of goods for commerce or a part of such an enterprise, and the sales of such establishment shall not be included for the purpose of determining the annual gross volume of sales of any enterprise for the purpose of this subsection.

While members of the immediate family operate the business, the employment of other "kinsmen" and "casual workers," not more than two at a time, serve to prevent the application of this proviso and cause the standards of the Act to apply.

Defendants argue that the purchases of household supplies and food from interstate sources are minor; however, with a maximum of 14 patients, along with family members, such an operation cannot be called so minor as to come under the *de minimus* doctrine. Therefore, this court finds that defendants' employees' handling of substantial quantities of goods, such as food and household supplies which are produced outside of Virginia, causes the standards of the Act to apply. The hiring of help outside the family, along with the purchase of substantial quantities of goods, such as food and household supplies, is grounds for the court's finding that Jackson Home For Aged is an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of section 3(s)(4) of the Act.

Accordingly, defendants' motion to dismiss the action on the ground of lack of jurisdiction is overruled.

The parties are directed to take depositions to determine whether the defendants have violated the Act's minimum wage and overtime requirements.