**Peter J. BRENNAN, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**Earl FREEMAN et al., Defendants.**

**No. 3–73–Civ.–68.**

United States District Court,
D. Minnesota,
Third Division.

Nov. 13, 1973.

---

Alfred G. Albert, Sol. of Labor (Acting), Washington, D. C., Herman Grant, Regional Sol., and Charles Leslie Irvin, Atty., Chicago, Ill., for plaintiff.

Arlene M. Vickers, Efron & Kittler, P. A., Minneapolis, Minn., for defendants.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

The issue here, shaped by cross motions for summary judgment, is whether employees of a local liquor store which purchases its supplies intrastate, after movement in interstate commerce, are governed by the overtime and record keeping provisions of the Fair Labor Standards Act. We conclude, based on a reading of the law in the light of its legislative history, the practical construction of the statutes, and decided cases on the issue, that the employees are covered by the law.

Plaintiff sues to enjoin defendants from violating the overtime and record keeping provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 215(a)(2), (5), and for an order restraining defendants from withholding payment of overtime compensation to their employees.

Jurisdiction exists. 29 U.S.C. § 217.

In view of defendants' admission that the annual dollar volume of sales of their establishment for the years 1971 through 1973 has been in excess of $250,000, the exemption to coverage contained in section 13(a)(2) of the Act is inapplicable,[1] unless defendants' retail liquor establishment fails to qualify as an "enterprise engaged in commerce" within the meaning of section 3(s). 29 U.S. C.A. § 203(s) (Supp.1973).

Defendants are partners engaged in doing business as Otto's Liquor, a retail liquor establishment located on Sibley Memorial Highway in Mendota, Minnesota. During the period since June 24, 1971, the defendants have employed a number of persons to order, purchase, pay for, receive, unload, handle, store, sell or otherwise work on the various alcoholic and non-alcoholic beverages sold in their store. Defendants contend that all of the beverages sold by them are received exclusively from distributors located within the State of Minnesota. For purposes of this motion, the Court will assume the truth of this contention. We also may assume that all of the beverages sold by defendants are sold for use within the State of Minnesota. In response to plaintiff's request for admissions, defendants, on the basis of information and belief, acknowledge that a substantial portion of the goods sold in their store have been received by local distributors from points outside the State of Minnesota. But assuming the interstate origin of the goods the fact of obtaining them solely from local distributors does not preclude Fair Labor Standards Act coverage.

Prior to 1961, only those employees who themselves engaged in commerce or in the production of goods for commerce were subject to the minimum wage-maximum hour provisions of the Fair Labor Standards Act of 1938. The 1961 amendments to the Act extended coverage to include all employees of an "en-

---

1. Section 13(a)(2) provides in part:
    (a) The provisions of section 206 . . .
    and section 207 of this title shall not apply
    with respect to—
    (2) any employee employed by any retail
    or service establishment . . . if more
    than 50 per centum of such establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located, and such establishment is not in an enterprise described in section 203(s) of this title or such establishment has an annual dollar volume of sales which is less than $250,000 . . . 29 U.S.C.A. § 213(a) (2) (Supp.1973).

terprise" if it had any employees "engaged in commerce or in the production of goods for commerce."[2] In addition, a sweeping definition of "enterprise engaged in commerce or in the production of goods for commerce" was added. Such an enterprise was defined to include an enterprise having employees engaged in "handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person . . . ."[3]

It is difficult to see how defendants doing business as Otto's Liquor escape qualification as an "enterprise." See 29 U.S.C.A. § 203(r) (Supp.1973).[4] The crucial determination is whether this enterprise is "engaged in commerce" within the meaning of section 203(s).

A careful reading of the legislative history of the 1961 amendments reflects that it was the apparent intent of Congress to extend Fair Labor Standards Act coverage to retail enterprises located in one state which "purchase or receive goods for resale . . . [which] move or *have moved in commerce from other States.*" [Emphasis added] Senate Report No. 145, 2 U.S.Code Cong. and Admin.News (87th Cong., 1st Sess., 1961) p. 1664.[5] The Senate Report went on to explain this extension of coverage as follows:

"The committee bill proposes to exend coverage to employees of retail or service enterprises engaged in commerce or in the production of goods for commerce that meet certain other tests, such as the volume-of-business test. Even if engaged in commerce, a retail or service enterprise would be covered only if it has purchased or received goods for resale that move or have moved across State lines which amount in total annual volume to $250,000 or more. This provision on inflow volume applies to employees employed by retail or service enterprises (who are in the final stages of the flow of interstate commerce from the producer or manufacturer to the ultimate consumer) a principle essentially the same as that embodied in the phrase 'production for commerce' as applied to employees of manufacturing concerns (who are the initial stage of the flow of interstate commerce). Under the inflow limitation on coverage contained in the committee bill, goods amounting to $250,000 a year must be purchased or received for resale and *have moved across State lines at some stage in the flow of commerce to the retailer.*" [Emphasis added].

Senate Report, supra, at p. 1645. Senators Goldwater and Dirksen in their minority report appear to have construed the proposed amendment to section 203(s) in a similar manner. See 2 U.S.

---

2. The constitutionality of enterprise-based coverage was upheld by the United States Supreme Court in Maryland v. Wirtz, 392 U.S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968).

3. Pub.L. No. 87–30, § 2(c), 75 Stat. 65, 66 (1961). In 1966 this section was reworded without substantive change. The section presently reads as follows: (s) "Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise which has employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person, . . . . 29 U.S.C.A. § 203(s) (Supp. 1973).

4. Section 203(r) defines an enterprise to mean "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose . . . ."

5. Coverage of local retail establishments was excluded: "The exclusion of essentially local retail businesses from the new coverage may be illustrated by the familiar types of enterprises which engage in selling handicraft items and similar goods which are *locally produced from local materials* and are sold in establishments in the towns and on the highways of the State where the goods are made." Senate Report No. 145, 2 U.S.Code Cong. and Admin.News (1961) p. 1664. [Emphasis added].

Code Cong. and Admin.News (1961) at 1689–1691.

Labor Department regulations interpreting the phrase "goods that have been moved in . . . commerce" provide:

"For the purpose of section 3(s) [29 U.S.C. § 203(s)], goods will be considered to 'have been moved . . . in commerce' when they have been moved across State lines before they are handled, sold, or otherwise worked on by the employees. *It is immaterial in such a case that the goods may have 'come to rest' within the meaning of the term 'in commerce' as interpreted in other respects, before they are handled, sold, or otherwise worked on by the employees in the enterprise.* Such movement in commerce may take place before they have reached the enterprise . . . . Thus, employees will be considered to be 'handling, selling, or otherwise working on goods that have been moved in . . . commerce' where they are engaged in the described activities on 'goods' that have moved across State lines *at any time in the course of business, such as from the manufacturer to the* distributor. . . ." 29 C.F.R. § 779.242 (1972). [Emphasis added].

Such administrative interpretations are entitled to great deference. See, e. g., Griggs v. Duke Power Co., 401 U.S. 424, 434–435, 91 S.Ct. 849, 854–855, 28 L.Ed. 2d 158 (1971).

Furthermore, section 203(s) has been judicially construed to cover enterprises dealing in goods acquired intrastate after movement in interstate commerce. See Wirtz v. Melos Construction Co., 408 F.2d 626 (2d Cir. 1969); Brennan v. Ventimiglia, 356 F.Supp. 281 (N.D.Ohio 1973); Irby v. Davis, 311 F.Supp. 577 (E.D.Ark.1970); Shultz v. Deane-Hill Country Club, Inc., 310 F.Supp. 272, 277 (E.D.Tenn.1969); Shultz v. Union Trust Bank of St. Petersburg, 297 F.Supp. 1274 (M.D.Fla.1969); Wirtz v. Mayer Construction Co., 291 F.Supp. 514 (D. N.J.1968). Contra, Hodgson v. Hatton, 348 F.Supp. 895 (S.D.Tex.1972). Defendants have called the court's attention to language in Maryland v. Wirtz, 392 U.S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968), which suggests that the 1961 amendments were designed only to extend protection to the fellow employees of any employee "engaged in commerce or in the production of goods for commerce" and not to enlarge the class of employers subject to the Act. See id. at 193, 88 S.Ct. at 2022. We agree with the conclusion reached by the court in Wirtz v. Melos Construction Co., supra, that "this language [was] directed only at the portion of the amendment which [brought] about this particular extension of coverage [i. e., the enterprise-concept]. It [was] not directed to the impact of the words concerning employees working with goods that '[had] been moved in . . . . commerce . . . .'" 408 F.2d at 628, n. 5.

All conventional guides to statutory construction point to the conclusion that defendants cannot escape their statutory obligations under the Act merely because they have not made any purchases directly from out-of-state manufacturers or producers. The goods sold to the public in defendants' liquor store *have moved in interstate commerce* to the defendants through the conduit of local suppliers. They retain the imprint of this interstate movement when handled, sold or otherwise worked on by defendants' employees. Under these circumstances, defendants must comply with the overtime and record keeping provisions of the Fair Labor Standards Act, as amended.

Plaintiff's motion for partial summary judgment is granted and plaintiff's counsel is directed to submit an appropriate order.